# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. _____ |
| ) | **JURY DEMAND** |
| VANDERBILT UNIVERSITY, ) | **PRELIMINARY INJUNCTION** |
| ) | |
| Defendant. ) | |

## VERIFIED COMPLAINT

Plaintiff Jane Doe, through counsel, brings suit against Defendant Vanderbilt University and avers as follows:

## JURISDICTION & VENUE

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, which gives district courts jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States of America. The federal claims arise under Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*, and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.*

2. The Court has supplemental jurisdiction over the Tennessee state law claims and should exercise jurisdiction pursuant to 28 U.S.C. § 1367 for the following reasons:

   a. The action for violations of the federal laws set forth in Paragraph 1 herein, namely: the Americans with Disabilities Act, 42 U.S.C. § 12101,

1

*et seq.*, the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*, and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.* and jurisdiction for these actions are conferred on the Court by 28 U.S.C. § 1331.

b. The state law claims, breach of contract, express or implied and breach of the covenant of good faith and fair dealing are so related to the claims in the federal causes of action that the claims form part of the same case or controversy under Article III of the Constitution.

c. The State cause of action neither raises a novel or complex issue of state law nor substantially predominates over the federal claims.

d. There are no other compelling reasons for the Court to decline jurisdiction over the state law claims.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391, as Defendant Vanderbilt University is located in this district and a substantial part of the events giving rise to this Complaint occurred in this judicial district.

## PARTIES

4. Plaintiff Jane Doe is currently a student at Vanderbilt University and has been enrolled since about Fall semester, 2015. She plans to graduate with a baccalaureate degree in May 2019.

5. Defendant Vanderbilt University, hereinafter "Vanderbilt," is a private research university that accepts federal funding and is located in Nashville, Tennessee.

## STATEMENT OF THE FACTS

6. Service shall be made first by requesting Defendant to waive service in accordance with Rule 4(d) of the Fed. R. Civ. Proc., and if not waived, the service will be accomplished under the Federal Rules of Civil Procedure.

7. Jane Doe was an outstanding high school student academically, participated in extracurricular activities, and has never had an honor code or similar violation.

8. Jane Doe's father is a practicing, licensed medical doctor.

9. Jane Doe enrolled at Vanderbilt as a pre-med student and studied with the intent to apply for admission to a medical school and to become a practicing, licensed medical doctor herself.

10. Before September 2017, Jane Doe maintained an excellent grade point average (GPA) and had no honor code allegations or violations against her.

11. Although Jane Doe has been diagnosed with Attention Deficit Hyperactivity Disorder (ADHD) and an anxiety disorder, she is otherwise qualified to be a pre-med student at Vanderbilt.

12. The symptoms of ADHD include hyperactivity, impulsivity, distractibility and inattention. Moreover, it also causes hyper-focus such that a person so afflicted will hone in and focus on a particular task, here the exam, to the exclusion of anything else around her; however, the ADHD symptoms may fluctuate and hyper-focus, without warning, will or may change to distractibility.

13. The symptoms of anxiety are constant worry, restlessness, and difficulty concentrating.

14. Before, during and to this day, Plaintiff Jane Doe has and still receives ongoing psychological counseling and takes prescribed medications to treat these disorders.

15. However, during the exam, due to her disability or disabilities, Plaintiff Jane Doe was hyper-focused and at some later point she became distracted, but at no time did she cheat or notice any other person looking on her paper.

16. Jane Doe's disability affects at least one of her major life activities such as taking a test in a large, crowded lecture hall or being aware of the actions of others around her.

17. In this regard, Jane Doe is substantially limited as measured by comparison to most people in the general population taking a test in a large, crowded lecture hall.

18. Prior to the school year 2017-2018, Vanderbilt had recognized Jane Doe's disability or disabilities and had provided Jane Doe with the accommodations of taking tests in a quiet test room and given extra time to take tests, thereby minimizing distractions and the consequences of her other symptoms.

19. For the school year 2017–2018, Jane Doe had timely applied for the same accommodations.

20. For the school year 2017–2018, Vanderbilt had not approved or acted upon Jane Doe's application for accommodations prior to her taking the test in Professor Brandt Eichman's course styled Biological Sciences 2520 (BSCI 2520).

21. At the beginning of that school year, Plaintiff Jane Doe was told that Vanderbilt had not devoted sufficient staff to process requests for accommodations so that those requests could be granted in a timely manner, a situation that affected not only Jane Doe, but other students with disabilities.

22. On September 13, 2017, Jane Doe was required to take a test for BSCI 2520 in a large, crowded lecture hall with the general population of other students taking the same test. She was not offered – and in effect, denied – the accommodations that Vanderbilt had provided to her in the past.

23. Prior to taking the test, Plaintiff Jane Doe had attended lectures, studied outside of class, and had diligently prepared for the test.

24. During the test, Professor Eichman and a teaching assistant observed hyperactive, impulsive, distracted, and inattentive behavior by Plaintiff Jane Doe.

25. The following day, September 14, 2017, or after she had been required to take the test, Vanderbilt's Center for Equal Opportunity, Office of Special Accommodations and Disability (later renamed Student Access Services) approved Jane Doe's application for her accommodations: a quiet test room that minimized distractions and extra exam time, which were the identical accommodations that she had been provided in her prior semesters at Vanderbilt.

26. After the test, Professor Eichmann notified three students (including the plaintiff) of a potential honors code violation. Upon questioning by the Professor, the third student was "cleared" because her test paper was not similar enough in the Professor's opinion to warrant a cheating violation. The second student (student X) admitted to cheating off the plaintiff's test and stated that the Plaintiff was not involved. When the Professor confronted the Plaintiff, she felt wrongly accused and sought advice from her parents and academic leaders on campus in addition to meeting again with the Professor. She was told by Professor Eichmann that he would not change his mind as to the punishment of failing the test because he promised student X not to report the incident to the Vanderbilt Honor Council as they would not win against the honor council and it would ruin their chances of getting into medical school.

27. Before the test was given, student X (who admitted to cheating off Jane Doe's test paper) had contacted Professor Eichman requesting that she be allowed to take the test at a later time due to lack of preparedness because of medical illness.

28. Jane Doe was accused by Professor Eichman and the teaching assistant of providing aid to the admitted cheater or of cheating on the test herself.

29. Jane Doe is innocent of the charge or charges. She did not cheat and tried to take steps to prevent another student from looking at her paper. The seats in the large lecture hall were very close to each other, and Jane Doe sat in the seat where she had attended lectures. The student who admitted to cheating, by her own choice, sat next to Jane Doe. Vanderbilt's policy or practice is to require an empty seat between

6

students taking a test but the lecture hall had too few seats to satisfy this policy or practice. Hence, Vanderbilt did not follow its policy or practice.

30. The observations of Professor Eichman and the teaching assistant are either explained as the innocent result of the symptoms of Jane Doe's disability or disabilities, ADHD or anxiety disorder, or subject to impeachment at a fundamentally fair hearing, or both.

31. Alternatively, if Vanderbilt had timely approved Jane Doe's application for use of a quiet test room, then Jane Doe's conduct during the test would either not have been present or would have been regarded as the innocent result of the symptoms of ADHD (ADD), Anxiety Disorder or both.

32. On November 17, 2017, Vanderbilt, through its Undergraduate Honor Council (hereinafter "Honor Council"), alleged that Jane Doe either "gave or received unauthorized aid on Exam 1 in the course BSCI 2520 which you took during the fall 2017 semester." A redacted copy of the notice of hearing is attached as Exhibit A.

33. In the notice of hearing attached as Exhibit A, Vanderbilt:

    a. promised Jane Doe that she had "a right to have present those who observed the alleged violation," and

    b. charged in the disjunctive that Jane Doe had either given or received unauthorized aid but not both.

34. On February 2, 2018, Vanderbilt conducted an Honor Council hearing on the charge against Jane Doe.

35. At the Honor Council hearing, Vanderbilt:

7

a. did not produce "those who observed the alleged violation;"

b. did not provide any process or procedure for Jane Doe to compel the presence of "those who observed the alleged violation," including her accuser or the admitted cheater whose testimony would have exonerated Jane Doe;

c. as live testimony, produced only a graduate student investigator who had interviewed Jane Doe's accuser and some of the material witnesses and who had written down what she thought that they had said to her in "investigative meeting reports" weeks or months after the allegations against Plaintiff were made. Student X who admitted guilt and exonerated Plaintiff Jane Doe was not interviewed and did not appear at the hearing.

d. treated the "investigative meeting reports" as "testimony" that was "credible, unbiased, and informative in determining guilt;"

e. treated the charge against Jane Doe as if she were charged with both giving and receiving unauthorized aid instead of either receiving or giving unauthorized aid; and

f. unfairly influenced the student members of the Honor Council against Jane Doe when its faculty advisor communicated his feelings about Jane Doe's defense by rolling his eyes and showing disbelief during Jane Doe's effort to explain her innocent, hyperactive, impulsive, distracted, and inattentive conduct.

36. Plaintiff Jane Doe was never given the ability or right to examine or cross-examine or confront her accusers or supposed eyewitnesses.

37. Plaintiff Jane Doe had no means to compel the attendance at the hearing of the student who admitted cheating on the exam or any other person.

38. Plaintiff Jane Doe is not trained in law, was denied the ability to have counsel present, and shortly before the hearing was only provided a student representative who could not speak on her behalf, who was not trained in law, and who did not assist her.

39. On February 5, 2018, Vanderbilt's Honor Council found Jane Doe guilty of "[g]iving and/or receiving unauthorized aid" without clarification of whether either giving or receiving or both was the actual finding. A redacted copy of this letter is attached as Exhibit B. On appeal to Vanderbilt, the Appellate Board upheld the right to appeal based on the witnesses not appearing at the original Honor Council hearing. The matter was then sent back to the Honor Council who upheld the guilty verdict based on the opinion of the Chair of the Honor Council that the appearance of Professor Eichmann, the Teaching Assistant, and/or any other material witnesses including most importantly Student X (who admitted guilt and exonerated the Plaintiff) would not be of any importance despite the Plaintff's right to question her accusers as plainly stated on the Honor Council website.

40. Since February 5, 2018, Vanderbilt has interpreted its ruling as finding Jane Doe guilty of both giving <u>and</u> receiving unauthorized aid.

41. An honor code violation carried and carries serious and substantial negative and adverse consequences for Plaintiff Jane Doe, both at the time it was issued and in the future.

42. Acceptance to medical school is extremely competitive.

43. Due to the honor code violation Vanderbilt has wrongly issued against her, Jane Doe will be severely prejudiced and disadvantaged in gaining acceptance to medical school.

44. With the honor code violation issued by Vanderbilt on her record, medical schools will not accept her as a candidate for medical school.

45. Plaintiff must apply to medical school by November 1, 2018 or she will not be eligible for acceptance in the Fall of 2019.

## COUNT I

**VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**

46. Plaintiff refers to and incorporates each of the foregoing paragraphs as if fully restated herein.

47. Title III of the Americans with Disabilities Act of 1990 (hereinafter, the "ADA"), 42 U.S.C. § 12101, *et seq.*, is a civil rights law that prohibits discrimination based on disability.

48. Pursuant to 42 U.S.C. § 12182(a), Vanderbilt cannot discriminate against Jane Doe "on the basis of disability."

49. Pursuant to 42 U.S.C. § 12182(b)(2)(A)(ii), discrimination includes failing to make "reasonable modifications in policies, practices, or procedures" to accommodate

10

Case 3:18-cv-00728   Document 1   Filed 08/03/18   Page 10 of 20 PageID #: 10

Jane Doe, unless the modifications would "fundamentally alter the nature" of the services.

50. Jane Doe has ADHD/ADD, which is a specific learning disability that affects her ability to concentrate and cause her to be distracted while taking a test, and she also has an anxiety disorder, which affects her in taking exams.

51. Vanderbilt granted Jane Doe's past requests for accommodations by allowing her to take tests in a quiet environment to minimize distraction and to maximize her concentration as well as giving her extra time on exams.

52. Jane Doe met all appropriate deadlines and timely requested accommodation for the 2017–2018 school year; however, Vanderbilt failed to timely grant her application.

53. Vanderbilt violated the ADA by failing to grant Jane Doe's requested accommodations in a timely manner.

54. As a result of Vanderbilt's violation of the ADA, Jane Doe:

    a. has suffered substantial harm due to her disability(ies) in the form of distractions and hyper-focus affecting her concentration during her taking the examination in BSCI 2520 on September 13, 2017 and then panicking when time was running out and afterwards;

    b. has had an honor code violation alleged against her as the result of her disability or disabilities during the examination in BSCI 2520;

    c. has suffered substantial harm, including irreparable harm with regard to –

(i) sullying her name and reputation;

(ii) the reality that she will not be admitted to medical school in the future (To be clear, with an honor code violation on her transcript or official Vanderbilt record, she would not be admitted to medical school);

(iii) difficulties in obtaining employment opportunities; and

(iv) incurring significant monetary and emotional damages as a result of Vanderbilt's violations.

## COUNT II

### VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973

55. Plaintiff refers to and incorporates each of the foregoing paragraphs as if fully restated herein.

56. The Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*, is a civil rights law that prohibits discrimination based on disability.

57. Section 504 of the Rehabilitation Act prohibits a federally-funded program from discriminating against an "otherwise qualified individual with a disability" because of her disability.

58. Pursuant to 29 U.S.C. § 794(a), Jane Doe is an "otherwise qualified individual with a disability."

59. Pursuant to 28 C.F.R. § 41.53, as an otherwise qualified individual, Jane Doe should receive in a timely manner the reasonable accommodation that she requested.

60. There is a direct causal link between Vanderbilt's failure to grant Jane Doe's requested accommodations in a timely manner and her distracted conduct during the examination in BSCI 2520 which led to the honor code violation alleged against her.

61. As a result of Vanderbilt's violation of the Section 504, Jane Doe:

   a. has suffered substantial harm, including irreparable harm in the form of destruction of her reputation and detriment to future medical school and employment opportunities; and

   b. has also incurred significant monetary and emotional damages as a result of Vanderbilt's violation.

## COUNT III

## BREACH OF CONTRACT IMPLIED AND EXPRESS

62. Plaintiff refers to and incorporates each of the foregoing paragraphs as if fully restated herein.

63. Jane Doe's relationship with Vanderbilt is contractual in nature, both express and implied.

64. Pursuant to Jane Doe's contract with Vanderbilt, Vanderbilt agreed, among other things:

   a. to provide Jane Doe with academic instruction and housing;

   b. to consider her requests for accommodations pursuant to federal law in a timely manner;

   c. to follow the provisions of the Vanderbilt handbook and student policies in a fundamentally fair manner; and

13

Case 3:18-cv-00728   Document 1   Filed 08/03/18   Page 13 of 20 PageID #: 13

      d.      to treat Jane Doe with fundamental fairness and equity without penalty or bias because of her disability.

65. As consideration for the contract, Jane Doe paid money to Vanderbilt as tuition and housing payments.

66. Vanderbilt breached its contractual commitment to Jane Doe:

      a.      by failing to provide her with timely accommodations for testing during the 2017 – 2018 school year as required by the ADA; and

      b.      by requiring her to take a test under conditions that led to an honor code violation against her as the result of her inability to concentrate and her distracted conduct during the test.

67. Vanderbilt also breached its contractual commitment to Jane Doe:

      a.      by ineffectively investigating the alleged honor code violation;

      b.      by failing to follow its express promise to her that she had "a right to have present those who observed the alleged violation" at a hearing before the Honor Council;

      c.      by holding an Honor Council hearing on a charge of either giving or receiving unauthorized aid and finding her guilty of both giving and receiving unauthorized aid;

      d.      by failing to provide an unbiased and neutral faculty advisor at the Honor Council hearing; and

14

Case 3:18-cv-00728   Document 1   Filed 08/03/18   Page 14 of 20 PageID #: 14

      e.      by having an Honor Council hearing that was fundamentally unfair and led to her being wrongfully found guilty when she is in fact innocent.

68. Jane Doe relied, to her detriment, on Vanderbilt's promise of a fundamentally fair Honor Council hearing, and specifically on the "right to have present those who observed the alleged violation" at a hearing before the Honor Council.

69. Vanderbilt's allegations in its notice of hearing dated November 17, 2017 cannot form the basis for its ruling dated February 5, 2018 or for its subsequent interpretation of that ruling.

70. As a result of Vanderbilt's breach of contract, Jane Doe:

      a.      has suffered substantial harm, including irreparable harm in the form of destruction of her reputation and detriment to future medical school and employment opportunities; and

      b.      has also incurred significant monetary and emotional damages as a result of Vanderbilt's breach of contract.

## COUNT IV

**BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

71. Plaintiff refers to and incorporates each of the foregoing paragraphs as if fully restated herein.

72. Vanderbilt did not deal fairly, equitably, and in good faith with Jane Doe.

15

Case 3:18-cv-00728   Document 1   Filed 08/03/18   Page 15 of 20 PageID #: 15

73. Jane Doe has suffered harm as a result of Vanderbilt's violation of its obligations under the implied covenant of good faith and fair dealing/obligation of good faith performance.

74. As a result of Vanderbilt's breach of its covenants of good faith and fair dealing, Jane Doe:

    a. has suffered substantial harm, including irreparable harm in the form of destruction of her reputation and detriment to future medical school and employment opportunities; and

    b. has also incurred significant monetary damages as a result of Vanderbilt's breach of the covenant.

## COUNT V

## VIOLATION OF TITLE IX

75. Plaintiff refers to and incorporates each of the foregoing paragraphs as if fully restated herein.

76. Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.*, is a federal civil rights law that prohibits discrimination on the basis of sex in any education program or activity that receives federal funding.

77. In violation of 20 U.S.C. § 1681(a), Vanderbilt discriminated against Jane Doe on the basis of her sex by failing to grant her requested accommodations in a timely manner and by conducting an Honor Council meeting that did not conform to fundamental fairness.

78. As a result of Vanderbilt's violation of Title IX, Jane Doe:

a. has suffered substantial harm, including irreparable harm in the form of destruction of her reputation and detriment to future medical school and employment opportunities; and

b. has also incurred significant monetary damages as a result of Vanderbilt's violation.

## INJUNCTIVE RELIEF

79. Plaintiff requests that the Court enter a preliminary injunction and after trial, a permanent injunction.

80. Absent the Court granting Plaintiff a preliminary injunction, the following will result:

   a. Plaintiff is suffering and will likely suffer immediate and irreparable harm if a preliminary injunction is not granted before a decision on the merits is reached: she will not be able to complete her medical school admission process, her reputation and name are stained on the face of her transcript and medical school records, and her medical studies are interrupted at a critical time during medical school.

   b. Plaintiff has a likelihood or strong likelihood of success on the merits;

   c. The balance of hardships for granting an injunction tips in favor of Plaintiff; and

   d. Granting a preliminary injunction is in the public interest in that very person and institution.

81. Plaintiff further has met the requirements for a permanent

injunction after a trial on the merits.

## JURY DEMAND

82. Plaintiff hereby demands a trial by jury for all issues triable by a jury.

## DEMAND

Wherefore, Plaintiff demands and requests the Court for the following relief:

1. To find Vanderbilt liable for each of the Causes of Action above;

2. For the Court to issue a Preliminary Injunction ordering Defendant:

   a. to reinstate Jane Doe's original grade in BSCI 2520 without any reference or mention in her transcript;

   b. to remove all records at Vanderbilt or otherwise about the alleged honor code violation <u>or</u> the action of the Honor Council <u>or</u> these proceedings, and further, that she not be required to retake the specific class;

   c. To expunge and remove, and delete from all of Defendant's records, books, transcripts, electronically stored information or date or other document (written or otherwise), and all allegations, reference or mention or of any "examination dishonesty," "academic incompetence,' or academic failure" from Doe's record;

   d. Except for the purposes of removing the information set forth in Paragraph 2b above, never to report, state, allude or mention to any other person, faculty or staff at Vanderbilt that Jane Doe was accused of an honor code violation or the proceedings or any matter related thereto.

    e. Never to report, state, allude to, or provide to any person, institution or other entity that Jane Doe was accused or charged with or found to violate the honor code or that any sanction was made or purportedly made and not to provide any record or transcript that states or reflects such, directly or indirectly; and

    f. Not to retaliate against Jane Doe for asserting or vindicating her right under federal law.

    g. To take no action against Jane Doe based on or related to the accusations or charges made by Defendant against the alleged honor code violation or matters related thereto, directly or indirectly;

3. After trial, for the Court to order a permanent injunction against Defendant;

4. To enter a judgment for compensatory damages of One Million Dollars ($1,000,000.00);

5. For an order directing Vanderbilt to pay reasonable attorneys' fees and costs incurred by Jane Doe;

6. For this case to be heard by a jury of Jane Doe's peers; and

7. For any other order as the Court as the law or equity provides, justice requires and the Court deems appropriate.

Respectfully submitted,

*Perry A. Craft*

Perry A. Craft, BPR # 006056
Law Office of Perry A. Craft, PLLC
402 BNA Drive, Suite 202
Nashville, Tennessee 37217
Telephone: (615) 953-3808
Facsimile: (615) 739-6292
Email: perrycraft@craftlegal.com

Dated this __31__ day of July, 2018.

## VERIFICATION

I, using the pseudonym Jane Doe, having first taken an oath, declare under penalty of perjury as follows:

1. I am over the age of eighteen (18) years and competent to testify in this matter.

2. The facts stated in the Verified Complaint are true and correct.

*Jane Doe*
AFFIANT
JANE DOE PSEUDONYM